UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER D. NADEL,
    Plaintiff,

Case No. 1:15-cv-00447
Dlott, J.
Litkovitz, M.J.

vs.

TIME WARNER CABLE LLC,
    Defendant.

**ORDER**

**I. Background**

    Plaintiff Christopher Nadel brings this pro se action against defendant Time Warner Cable LLC alleging employment discrimination and retaliation. This matter is before the Court on plaintiff's motion to compel discovery, which plaintiff filed on June 6, 2016. (Doc. 25). Plaintiff seeks to compel the production of documents pertaining to background checks, his personnel file, physical and psychological tests, sales information, his job descriptions, medical leave and short term disability, training and corrective actions, and company personnel information. Plaintiff alleges he has yet to receive any of the discovery documents he has requested from defendant.

    Defendant opposes plaintiff's motion on the grounds plaintiff has not served any discovery requests in this action, and plaintiff filed his motion to compel after expiration of the May 31, 2016 discovery deadline. (Doc. 27). Defendant has submitted the affidavit of its attorney, Scott Carr, Esq., in support of its response. (Doc. 27-1). Mr. Carr makes the following statements in his affidavit: Both he and plaintiff participated in a telephone status conference with the Court on March 9, 2016. (*Id.*, ¶¶ 2, 3). During the conference, plaintiff stated that he had issued discovery requests to defendant and that defendant had failed to respond. (*Id.*, ¶ 3). Counsel informed the Court that plaintiff had not served discovery requests on defendant but had

instead sent counsel an email informally requesting documents. (*Id.*). After the Court informed plaintiff that he was required to serve formal discovery requests on defendant in accordance with the Federal Rules of Civil Procedure, plaintiff stated he would hand deliver discovery requests to counsel within the next week. (*Id.*). Plaintiff did not do so and has not served any discovery requests on defendant to date. (*Id.*, ¶¶ 4, 5). Defendant contends that because plaintiff has never served any formal discovery requests on it, and because the discovery deadline expired before plaintiff filed the motion to compel, the motion must be denied. (Doc. 27 at 4-5, citing *Ward v. American Pizza Co.*, 279 F.R.D. 451, 454 (S.D. Ohio 2012)).

## II. Plaintiff's motion to compel

A party seeking discovery may move for an order compelling production if an opposing party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). A party must first serve its discovery requests on the opposing party before moving the Court for an order directing the party to produce discovery. *Ward,* 279 F.R.D. at 454 (citing Fed. R. Civ. P. 37(a)(3)(B)). Moreover, before making a motion to compel disclosure or discovery, the moving party must "in good faith confer[] or attempt[ ] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Both the Federal Rules of Civil Procedure and the Local Rules of this Court impose an obligation on counsel "to meet and confer to resolve differences as to discovery disputes." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.,* No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio Apr. 12, 2010). *See* Fed. R. Civ. P. 37(a)(1) (a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). *See also* S.D. Ohio Civ. R. 37.2 ("a motion to compel shall be accompanied by a supporting

2

memorandum and by a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences. . . .").

In filing his motion to compel, plaintiff has failed to comply with the applicable requirements imposed by federal law and the Local Rules. First, although the Court advised plaintiff that he must serve his discovery requests on defendant in accordance with the Federal Rules of Civil Procedure, plaintiff does not dispute defendant's assertions that he has not done so. (*See* Doc. 27-1, ¶¶ 3-4). Nor is there any indication in the record that plaintiff served discovery requests on defendant. Plaintiff's motion to compel must be denied for this reason. *See Ward,* 279 F.R.D. at 454; Fed. R. Civ. P. 37(a)(3)(B)). The Court must deny plaintiff's motion for the additional reason that plaintiff did not attach the required certification indicating that he exhausted all extrajudicial means for resolving this dispute without the Court's intervention before filing the motion. Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.2.

The Court acknowledges that plaintiff is proceeding pro so and that "*pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). However, a pro se litigant is not entitled to the same leeway with respect to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id*. The requirements that a party serve his discovery requests on the opposing side and attempt to resolve any issues extrajudicially before filing a motion to compel are uncomplicated requirements that a pro se party should be expected to fulfill.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to compel discovery (Doc. 25) is **DENIED**.

Date: 7/29/16

Karen L. Litkovitz
United States Magistrate Judge

3